Pipitone v Pititto (2020 NY Slip Op 07408)





Pipitone v Pititto


2020 NY Slip Op 07408


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-06585
 (Index No. 606388/16)

[*1]Jennifer Pipitone, respondent, 
v
Thomas Pititto, Jr., defendant, Dormer King, Inc., appellant.


Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellant.
Robert F. Danzi, Jericho, NY (Christine Coscia of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Dormer King, Inc., appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated April 30, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that order is affirmed insofar as appealed from, with costs.
On September 30, 2015, a vehicle operated by the plaintiff was struck in the rear by a vehicle owned and operated by the defendant Thomas Pititto, Jr. At the time of the accident, Pititto was employed by the defendant Dormer King, Inc. (hereinafter Dormer King). Pititto testified at his deposition that he used the vehicle he was operating at the time of the accident for work-related purposes with respect to his employment with Dormer King.
The plaintiff commenced the instant action to recover damages for personal injuries against Pititto and Dormer King, alleging that Pititto was negligent in the operation of his vehicle and that Dormer King was vicariously liable for the actions of Pititto under the doctrine of respondeat superior. After joinder of issue, Dormer King moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that Pititto was not in the course of his employment or the furtherance of Dormer King's business at the time of the accident. In an order dated April 30, 2019, the Supreme Court, inter alia, denied Dormer King's motion. Dormer King appeals.
Dormer King established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. However, in opposition to the motion, the plaintiff raised a triable issue of fact as to whether Pititto was acting within the scope of his employment with Dormer King at the time of the accident (see Zuckerman v City of New York , 49 NY2d 557, 562; Riviello v Waldron , 47 NY2d 297, 297).
Accordingly, we agree with the Supreme Court's determination denying Dormer King's motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court